1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

In re:
CDC PROPERTIES I, LLC,

                     Debtor,

_____

EQUITY FUNDING, LLC, and CENTRUM
FINANCIAL SERVICES, INC.,

                     Plaintiffs,

      v.

ERIC D. ORSE, an individual and as
principle of Orse & Company, Inc., DIANA
K. CAREY, and individual and as
shareholder of Karr, Tuttle, Campbell;
MICHAEL M. FEINBERG, an individual
and as shareholder of Karr, Tuttle, Campbell;
KARR TUTTLE CAMPBELL, a Washington
Professional Services Corporation; CDC
PROPERTIES I, LLC; WELLS FARGO as
Trustee for the Registered Holders of Merrill
Lynch Mortgage Trust 2005-MCP1
Commercial Mortgage Pass-Through
Certificates, Series, 2005-MCP1; MLMT
2005-MCP1; U.S. BANK, as Successor-
Trustee to LaSalle Bank N.A., as Trustee for
the benefit of the Certificate holders of
Commercial Mortgage pass-Through
Certificates, Service MCCMT 2004-C2D;
and MIDLAND LOAN SERVICES, a
Delaware corporation,

                     Defendants.

U.S. DISTRICT COURT CASE

NO. 20-5495 RJB

U.S. BANKRUPTCY CASE NO.
11-41010-BDL

INTERNAL APPEAL 20-T005

AND

U.S. BANKRUPTCY CASE NO.
11-41040-BDL

INTERNAL APPEAL 20-T006

ADVERSARY CASE NO. 18-
04038-BDL

ORDER ON MOTIONS TO
DISMISS

23

24

THIS MATTER comes before the Court on Appellees/Defendants Eric D. Orse, CDC

Properties I LLC, Diane K. Carey, Michael M. Feinberg, Karr Tuttle Campbell (collectively the

1  "Orse Defendants"), MLMT 2005-MCP1 Washington Office Properties LLC, Midland Loan

2  Services, Wells Fargo as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust

3  2005-MCP1 Commercial Mortgage Pass-Through Certificates, Series 2005-MCP1, U.S. Bank,

4  as Successor-Trustee to LaSalle Bank N.A., as Trustee for the benefit of the Certificate Holders

5  of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D's (the "Bank

6  Defendants," collectively with the Orse Defendants, the "Defendants") Motions to Dismiss

7  (Dkts. 10 and 11).  The Court has considered the pleadings filed regarding the motions, the

8  remaining file and is fully advised.

9        This matter arises from the bankruptcy of CDC Properties I, LLC ("CDC").  *In re CDC*

10  *Properties I, LLC,* U.S. Bankruptcy Court for the Western District of Washington, case number

11  11-410140 BDL (sometimes referred to as "main CDC bankruptcy case").  The case is the

12  consolidation of two of Plaintiffs Equity Funding, LLC and Centrum Financial Services Inc.'s

13  (collectively "Equity") appeals, the first, of orders in the main CDC bankruptcy case, and the

14  second, of orders in an adversarial proceeding, *Equity Funding. LLC v. Orse*, *et al.,* U.S.

15  Bankruptcy Court for the Western District of Washington, adversary proceeding number 18-

16  04038 BDL (sometimes referred to as "adversary proceeding").

17        The Defendants now move to dismiss both appeals, arguing that the appeals are untimely

18  and procedurally incorrect and so argue that this Court does not have jurisdiction to hear them.

19  Dkts. 10 and 11.  For the reasons provided, the motions (Dkt. 10 and 11) should be granted and

20  the appeals should be dismissed.

21  /

22  /

23  /

24

ORDER ON MOTIONS TO DISMISS - 2

1

# I.   PROCEDURAL HISTORY AND FACTS

2

## A.  MAIN CDC BANKRUPTCY CASE - 11-41010 BDL

3    On February 10, 2011, CDC filed a petition for relief under chapter 11 of the bankruptcy

4  code on February 10, 2011. Main CDC bankruptcy case; Dkt. 1.  CDC's plan of reorganization

5  was entered on November 11, 2011. *Id.* at Dkt. 119. The main CDC bankruptcy case was

6  administratively closed February 21, 2012.  *Id.* at Dkt. 136.

7    CDC's only member and sole manager is CDC Acquisition Co. 1 LLC, who in turn is the

8  wholly-owned subsidiary of Prium Companies, LLC, which is its only member and manager.

9  Main CDC bankruptcy case, Dkt. 183.  Prium Companies, LLC is owned 85% by Thomas Price

10  and Hyun Um.  *Id.*  Thomas Price, Hyun Um, and Prium Companies, LLC all filed for relief

11  under chapter 11.  *In re Price*, U.S. Bankruptcy Court for the Western District of Washington,

12  case number 10-46732 BDL; *In re Um,* U.S. Bankruptcy Court for the Western District of

13  Washington, case number 10-46732 BDL; *In re Prium Companies, LLC* U.S. Bankruptcy Court

14  for the Western District of Washington, case number 14-44512 BDL. One of Defendants in this

15  case, Eric D. Orse, was appointed Trustee in the *In re Price and In re Um* matters and, pursuant

16  to bankruptcy court orders in all three cases, Orse had management authority over CDC.  *Id.*

17    On December 14, 2016, the Court granted Equity's (one of CDC's unsecured creditors)

18  motion to reopen the main CDC bankruptcy case.  Main CDC bankruptcy case, Dkt. 166.  Over a

19  year later, on December 19, 2017, Equity filed a motion to commence an action against Eric

20  Orse and his counsel in U.S. District Court or another court of competent jurisdiction.  Main

21  CDC bankruptcy case, Dkt. 214.  On February 14, 2018, the bankruptcy court denied Equity's

22  motion pursuant to *Barton v. Barbour,* 104 U.S. 126 (1881) (*Barton* Order). Main CDC

23  bankruptcy case Dkt. 248. (This is one of the two orders in the main CDC bankruptcy case that

24

Equity appeals. The other is the May 14, 2020 order closing the main bankruptcy case (Dkt. 279)).

## B.  EQUITY'S ADVERSARIAL PROCEEDING - 18-04038 BDL

After its motion to file a case outside the bankruptcy court was denied, Equity filed an adversary proceeding (the other case that appeals are taken from here) against Eric Orse, and Orse's counsel, Karr Tuttle Campbell, Diana K. Carey, Michael Fienberg, and others.  *Equity Funding. LLC v. Orse*, *et al.,* U.S. Bankruptcy Court for the Western District of Washington, adversary proceeding number 18-04038 BDL, Dkt. 1.  Some of the claims in the case were dismissed by pretrial orders on dispositive motions (*See e.g.* adversary proceeding, Dkts. 54, 74, 90, 107, 108, 160, and 161), and other issues were resolved by additional pretrial rulings and orders on evidentiary disputes (*See e.g.* adversary proceeding, Dkts. 139 and 194).  (Equity appeals each of these orders (adversary proceeding, Dkts. 54, 74, 90, 107, 108, 160, 161, 139, and 194) and the proposed Findings of Fact and Conclusions of Law (adversary proceeding, Dkt. 197) (discussed below) and the undersigned's order entering the Findings of Fact and Conclusions of Law (adversary proceeding, Dkt. 213)).

After a four-day trial, the bankruptcy court issued proposed Findings of Fact and Conclusions of Law on January 22, 2020.  Adversary proceedings, Dkt. 197.  The proposed Findings of Fact and Conclusions of Law provided that Equity failed to carry its burden of proof on its remaining claims and those claims should be dismissed.  *Id.*  On February 6, 2020, Equity filed a Notice of Appeal.  *Id.,* Dkt. 200.

## C.  DISTRICT COURT CASE TO CONSIDER FINDINGS OF FACT AND CONCLUSIONS OF LAW AND STIPULATION - 20-5107 RJB

The adversary proceeding was referred to the undersigned to consider, *de novo*, the proposed Findings of Fact and Conclusions of Law pursuant to 28 U.S.C. § 157(c)(1).  *Equity*

*Funding. LLC v. Orse*, *et al.,* U.S. District Court for the Western District of Washington Case 20-5107 RJB. In addition to the proposed Findings of Fact and Conclusions of Law, also pending was the parties' stipulated motion to dismiss Equity's appeal filed on February 6, 2020. *Id.* The stipulated motion moved for dismissal of Equity's appeal without prejudice because no final order or judgment had been entered in this case as is required under 28 U.S.C. § 158(a). *Id.,* Dkt. 9.

The March 27, 2020 Order adopting the proposed Findings of Fact and Conclusions of Law provided:

> [Equity's] objections do not provide a basis to not approve the Proposed Findings of Fact or Conclusions of Law. The objections fail to cite to any evidence in the record or any case law to support their assertions. The objections consist of general claims of error with no legal or factual basis. The Proposed Findings of Fact and Conclusions of Law (Dkt. 6, at 2-31) have merit, are attached to this Order (as Attachment A) and should be entered by this Court. The Clerk of the Court should be directed to enter a judgment in favor of Defendants.

*Equity Funding. LLC v. Orse*, *et al.,* U.S. District Court for the Western District of Washington Case 20-5107 RJB, Dkt. 10. That order entered the proposed Findings of Fact and Conclusions of Law, directed the Clerk of the Court to enter judgment in favor of Defendants, granted the parties' stipulated motion, and dismissed Equity's February 6, 2020 appeal without prejudice. *Id.* No notice of appeal was filed in the district court case.

## D. ADVERSARY PROCEEDINGS AFTER DISTRICT COURT ORDER

On March 27, 2020, the undersigned's order and Findings of Fact and Conclusions of Law were entered in the adversary proceeding. *Equity Funding. LLC v. Orse*, *et al.,* U.S. Bankruptcy Court for the Western District of Washington, adversary proceeding number 18-04038 BDL, Dkt. 213. The Court Clerk entered a notation to "check status of appeal for May 1, 2020." *Id.*

1      Equity filed a "Motion for Ruling on the $100,000 Proceeds," (dealing with proceeds

2 from a sale of CDC property) which was unrelated to the adversarial proceeding on April 8, 2020

3 *Id.,* Dkt. 214. The motion was to re-filed in the main CDC bankruptcy case by the Clerk of the

4 Court. *Id.*  Otherwise, no other action was taken in the adversarial proceeding until May 18,

5 2020, when the Clerk of the Court entered a docket entry which provided "Close appeal." *Id.,*

6 Dkt. 215.

7      On May 26, 2020, Equity filed its Notice of Appeal in the adversary proceeding (*Id.,* at

8 Dkt. 216), which is one of the two appeals in this case.  Equity appeals several pretrial orders

9 (adversary proceeding, Dkts. 54, 74, 90, 107, 108, 160, 161, 139, and 194) and the proposed

10 Findings of Fact and Conclusions of Law (adversary proceeding, Dkt. 197).  *Id.*, Dkt. 216. It also

11 appeals the undersigned's March 27, 2020, the order and Findings of Fact and Conclusions of

12 Law (adversary proceeding, Dkt. 213).  *Id.*

13 **E.  MAY AND JUNE 2020 PROCEEDINGS IN MAIN CDC BANKRUPTCY**
      **CASE - 11-41010 BDL**

14

15      On May 15, 2020, the bankruptcy court ruled on Equity's "Motion for Ruling on the

16 $100,000 Proceeds" and on a cross motion from several banks regarding the same proceeds.  *In*

17 *re CDC Properties I, LLC,* U.S. Bankruptcy Court for the Western District of Washington, case

18 number 11-410140 BDL, Dkt. 278.  The bankruptcy court entered an order that same day, re-

19 closing the main CDC bankruptcy case, finding that the chapter 11 estate had been "fully

20 administered." *Id.,* Dkt. 279.

21      On May 26, 2020, Equity filed its Notice of Appeal in the main CDC Bankruptcy case.

22 *Id.,* Dkt. 281.  It appeals the bankruptcy court's:  (a) February 14, 2018 *Barton* Order (Dkt. 248

23 in the main CDC bankruptcy case) and (b) May 13, 2020 Order Re-Closing Case (Dkt. 279 in the

24 main CDC bankruptcy case).

ORDER ON MOTIONS TO DISMISS - 6

1    **F.  PROCEDURAL HISTORY OF THIS CASE – 20-5495 RJB**

2         Two cases were opened in this Court, this case, 20-5495 and another case, 20-5496, one

3    for each of the appeals. Both were transferred to the undersigned and on June 6, 2020, the

4    parties' stipulated motion to consolidate the two appeals was granted.  Dkt. 6.

5         The Defendants now move to dismiss both appeals, arguing that both appeals are

6    untimely, procedurally improper and so, the Court does not have jurisdiction over them.  Dkts.

7    10 and 11.  Equity responds and opposes the motions in a consolidated response.  Dkt. 16.  The

8    Defendants filed a consolidated reply (Dkt. 17) and the motions are ripe for decision.

9         This opinion will first provide the standard for jurisdiction and deadlines for a bankruptcy

10   appeal, address the motion to dismiss the appeal of orders in the main CDC bankruptcy case

11   (Dkt. 10) and then will consider the motion to dismiss the appeal of orders in the adversary

12   proceeding (Dkt. 11).

13        **II.     DISCUSSION**

14   **A.  BANKRUPTCY APPEALS - JURISDICTION AND DEADLINES**

15        Pursuant to 28 U.S.C. § 158(a), this court has jurisdiction over bankruptcy appeals.

16   "Under that provision, an appeal of right lies from 'final judgments, orders, and decrees' entered

17   by bankruptcy courts 'in cases and proceedings.'"  *Ritzen Grp., Inc. v. Jackson Masonry*, LLC,

18   140 S. Ct. 582, 587 (2020).

19        Section 158(c) provides that the timeframes to file such appeals are set out in the Federal

20   Bankruptcy Rule of Procedure 8002.  Fed. R. Bankr. P. 8002(a)(1) provides that generally, "a

21   notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the

22   judgment, order, or decree being appealed." Further, "[t]he provisions of Bankruptcy Rule 8002

23   are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of

24

ORDER ON MOTIONS TO DISMISS - 7

1    jurisdiction to review the bankruptcy court's order." *In re Saunders*, 31 F.3d 767, 767 (9th Cir.

2    1994).

3    **B.  MOTION TO DISMISS APPEAL OF ORDERS IN MAIN CDC**
         **BANKRUPTCY CASE – 11-41040 BDL**

4    
5              1.   Appeal of the February 14, 2018 *Barton* Order

6         The Defendants jointly move the Court pursuant to Fed. R. Bankr. P. 8002(a)(1) to

7    dismiss the appeal of the February 14, 2018 *Barton* Order.  Dkt. 10.  Equity opposes the motion

8    to dismiss this portion of its appeal, arguing that the order was not a final order and so it did not

9    have to file its appeal within 14 days of entry of the order.  Dkt. 16.

10        "In civil litigation generally, a court's decision ordinarily becomes 'final,' for purposes of

11   appeal, only upon completion of the entire case, i.e., when the decision terminates the action or

12   ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."

13   *Ritzen,* at 586 (*internal quotation marks and citation omitted*).  Bankruptcy matters are different.

14   *Id.*  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete

15   disputes within the overarching bankruptcy case."  *Id.*

16        In *Ritzen,* the U.S. Supreme Court concluded that orders denying relief from

17   bankruptcy's automatic stay are final, and therefore immediately appealable.  It held that "a

18   bankruptcy court's order ruling on a stay-relief motion disposes of a procedural unit anterior to,

19   and separate from, claim-resolution proceedings."  *Id.,* at 589.  The *Ritzen* Court noted that:

20   "[r]esolution of a motion for stay relief can have large practical consequences" including

21   "whether a creditor can isolate its claim from those of other creditors and go it alone outside

22   bankruptcy. It can also affect the manner in which adversary claims will be adjudicated."  *Id.,* at

23   590.

24

ORDER ON MOTIONS TO DISMISS - 8

1    The February 14, 2018 *Barton* Order was a final order.  Like decisions to deny relief

2    from bankruptcy's automatic stay, the February 14, 2018 *Barton* Order at issue here decided a

3    "discrete dispute."  It determined whether Equity could bring an action against Eric Orse, his

4    attorneys and others outside the bankruptcy court (or whether the action must be brought in the

5    bankruptcy court pursuant to *Barton*).  The decision "is a procedural unit anterior to, and separate

6    from, claim-resolution proceedings."  *Ritzen,* at 589.  Moreover, Equity proceeded to litigate

7    against Orse, his attorneys and others in the adversary proceeding for over two years, ending in a

8    trial on the merits.  The *Barton* Order here had "large practical consequences."  *Ritzen,* at 590.

9    The February 14, 2018 *Barton* Order was a final order.

10       Equity argues that the February 14, 2018 *Barton* Order was not final because it did not

11   address Orse's quasi-judicial immunity.  Dkt. 16.  Equity fails to point to any authority to

12   support its position.  Further, quasi-judicial immunity, offered to bankruptcy trustees in some

13   circumstances to protect them from suit, is distinct from the *Barton* doctrine, which designates

14   where suit may be filed (bankruptcy court verses another federal or state court).

15       Equity's May 26, 2020 appeal of the February 14, 2018 *Barton* Order was a final order.

16   The appeal was not filed for over two years – well after the 14-day deadline.  The appeal of the

17   *Barton* Order should be dismissed as untimely under 28 U.S.C. § 158 and Fed. R. Bankr. P.

18   8002(a)(1).

19       2.   Appeal of the May 26, 2020 Order Re-Closing Main CDC Bankruptcy

20       The Defendants move to dismiss Equity's appeal of the May 26, 2020 order, arguing that

21   "if the appeal of the *Barton* Order is time barred, there is nothing to appeal" in the Order Re-

22   Closing Case.  Dkt. 10.  It notes that when the estate has been administrated, under Fed. R.

23   Bankr. P. 3022, the Court may close the case on its own motion, as was done here.  Further, the

24

Defendants argue that Equity's standing to challenge the Re-Closing Order is at issue because its claim has been denied. *Id.*

Equity does not address the Defendants' arguments. The arguments raised in Defendants' motion (Dkt. 10) have merit. The motion to dismiss the appeal of the May 26, 2020 Order Re-Closing Case, entered in the main CDC Bankruptcy case, should be granted and the appeal dismissed.

## C.  MOTION TO DISMISS APPEAL OF ORDERS IN ADVERSARY PROCEEDING – 18-04038 BDL

The Defendants jointly move the Court to dismiss Equity's May 26, 2020 Notice of Appeal in the Adversary Proceeding as procedurally incorrect and as untimely pursuant to Fed. R. Bankr. P. 8002(a)(1) and 28 U.S.C. § 2107(d).  Dkt. 11.

        1.   Appeal of this Court's March 27, 2020 Order

The last order entered on the record that Equity challenges in the adversary proceeding was the undersigned's March 27, 2020 Order and Findings of Fact and Conclusions of Law (adversary proceeding, Dkt. 213).  To the extent the Notice of Appeal attempts to have this Court review its own order or the Proposed Findings of Fact and Conclusions of Law (Adversary Proceeding, Dkt. 197), the Notice of Appeal is defective.

Pursuant to 28 U.S.C. § 158(a), this court has jurisdiction to hear appeals of "final orders, judgments and decrees" of "bankruptcy judges entered in cases and proceedings."  The March 27, 2020 order was entered by the undersigned, not a "bankruptcy judge." It is not clear why Equity appealed the proposed Findings of Fact and Conclusions of Law (adversary proceeding, Dkt. 197). They were entered by the final March 27, 2020 order, not by the earlier issuance of proposed findings.  However, the appeal of both the order and proposed findings (Dkt. 213 and 197) should be considered together.

In any event, Equity argues that, to the extent the Notice of Appeal of the March 27, 2020 Order and the proposed Findings of Fact and Conclusions of Law (Dkts. 213 and 197) were improperly filed in this Court, the appeal should be transferred to the Ninth Circuit Court of Appeals pursuant to Fed. R. Bankr. P. 8002(a)(4).  Dkt. 16.

Fed. R. Bankr. P. 8002(a)(4) provides:

> Mistaken Filing in Another Court. If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, the clerk of that court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk. The notice of appeal is then considered filed in the bankruptcy court on the date so stated.

This Rule does not apply.  The Notice of Appeal was filed in the bankruptcy court.  Equity fails to point to any other basis to transfer the appeal of those two orders to the Ninth Circuit.  As explained above, this Court does not have jurisdiction to consider these two orders.  The appeal of them should be dismissed.

## 2.  Appeal of the Other Orders in the Adversarial Proceeding

To the extent Equity's Notice of Appeal relates to other orders in the adversarial proceeding, Equity's appeal is untimely.  It filed the Notice of Appeal on May 26, 2020 and the final order was entered March 27, 2020.  Pursuant to Fed. R. Bankr. P. 8002(a)(1), the appeal is outside the 14-day deadline and should be dismissed.

Equity argues that its Notice of Appeal was timely because this is the second time the notice was filed; it maintains that it filed the it the first time on February 6, 2020, right after the bankruptcy entered its proposed findings of fact and conclusions of law.  Dkt. 16.  Equity's argument that the May 26, 2020 appeal is timely because it filed the appeal originally on February 6, 2020 is without merit.  Equity voluntarily dismissed its February 6, 2020 Notice of Appeal, without prejudice, by stipulation.  *Equity Funding. LLC v. Orse*, *et al.,* U.S. District

Court for the Western District of Washington Case 20-5107 RJB, Dkts. 10.  Dkt. 9.  The February 6, 2020 appeal has no effect on the May 26, 2020 appeal.

Equity argues that the March 27, 2020 order was not a final order, that issues remained in the case.  Dkt. 16.  Equity fails to identify which issues remained.  Further, Equity's assertion is belied by the record.  The March 27, 2020 order dismissed all claims.  Equity's "Motion for Ruling on the $100,000 Proceeds," filed after the March 27, 2020 order, was refiled by the Clerk of the Court in the main CDC bankruptcy case.  The March 27, 2020 was the final order.  Equity's Notice of Appeal of the remaining orders in the adversary proceeding should be dismissed as untimely.

## III.   ORDER

It is **ORDERED** that:

- The Defendants' Motions to Dismiss (Dkts. 10 and 11) **ARE GRANTED:**

- Equity's Notice of Appeal in *In re CDC Properties I, LLC,* U.S. Bankruptcy Court for the Western District of Washington, case number 11-410140 BDL, **IS DISMISSED**;

- Equity's Notice of Appeal in *Equity Funding. LLC v. Orse*, *et al.,* U.S. Bankruptcy Court for the Western District of Washington, adversary proceeding number 18-04038 BDL, **IS DISMISSED**; and

- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER ON MOTIONS TO DISMISS - 12

Dated this 9th day of July, 2020.

ROBERT J. BRYAN
United States District Judge